Susan S.Q. Kalra (CA State Bar No. 16740)
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

Southern California Office:
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone: (800) 993-7499
Fax: (832) 900-4941

*Attorneys for Plaintiff*
WIRELESSWERX IP LLC,

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| WIRELESSWERX IP LLC,<br>Plaintiff,<br>　　　v.<br>WING AVIATION, LLC<br>Defendant. | Case No.: 3:24-cv-01040<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(35 U.S.C. § 271)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, WirelessWerx IP, LLC ("WirelessWerx" or "Plaintiff"), files this Complaint for Patent Infringement against Wing Aviation LLC. ("Wing" or "Defendant"), and would respectfully show the Court as follows:

## I.　　THE PARTIES

1.　　Plaintiff is a Texas limited liability company having an address located at 5900 Balcones Dr., Suite 100, Austin, Texas 78731.

2.　　On information and belief, Defendant is a corporation organized and existing under the laws of Delaware.  Defendant has a regular and established place of business at 3400 Hillview

Avenue, Building 4, Palo Alto, CA, 94304 .  Defendant can be served through its registered agent, CSC-Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Sacramento, California 95833, at its place of business, or anywhere else it may be found.

3.      On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Northern District of California, and otherwise directs infringing activities to this District in connection with its products and services.

**II.      JURISDICTION AND VENUE**

4.      This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5.      This United States District Court for the Northern District of California has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of California.

6.      Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of California.

7.      Defendant has committed acts of infringing the Patent-in-Suit within this District and the State of California by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of California, products claimed by the Patent-in-Suit, including without limitation products made by practicing the claimed methods of the Patent-in-Suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships,

distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of California. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of California.

8.      This Court has personal jurisdiction over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of California and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within California and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Northern District of California that Defendant knew would be used within this District, and by soliciting business from the residents of the Northern District of California. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 3400 Hillview Avenue, Building 4, Palo Alto, CA, 94304, and directly and through agents regularly does, solicits, and transacts business in the Northern District of California. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the Patent-in-Suit.  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of California.

9.      This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10.     The amount in controversy exceeds $75,000 exclusive of interests and costs.

11.     Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 3400 Hillview Avenue, Building 4, Palo Alto, CA, 94304.

**III.     THE PATENT-IN-SUIT**

12. On January 8, 2008, United States Patent No. 7,323,982 ("the '982 Patent"), entitled "Methods and Systems to Control Movable Entities" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '982 Patent claims patent-eligible subject matter and is valid and enforceable.  WirelessWerx is the exclusive owner by assignment of all rights, title, and interest in the '982 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '982 Patent. Defendant is not licensed to the '982 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '982 patent whatsoever. A true and correct copy of the '982 patent is attached hereto as **Exhibit A**.

13.     The '982 Patent is referred to herein as the "Patent-in-Suit."

14.     Plaintiff WirelessWerx is the owner of the entire right, title, and interest in and to the Patent-in-Suit. The Patent-in-Suit are presumed valid under 35 U.S.C. § 282.

15.     The '982 Patent is referred to herein as the "Patent-in-Suit."

16.     Plaintiff WirelessWerx is the owner of the entire right, title, and interest in and to the Patent-in-Suit. The Patent-in-Suit are presumed valid under 35 U.S.C. § 282.

## IV.    PATENT INFRINGEMENT OF THE '982 PATENT

17.    Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

18.    Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more of claims 1-16, including without limitation at least claim 1 of the '982 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

19.    On information and belief, Defendant has made no attempt to design around the claims of the '982 Patent.

20.    On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '982 Patent were invalid.

21.    On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

22.    WirelessWerx has been damaged as the result of Defendant's infringement.

23.    The claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '982 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

24.    Defendant has and continues to induce infringement from at least the filing date of the lawsuit. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide question and answer services across the Internet such as to cause

infringement of one or more of claims 1-61 of the '982 patent, literally or under the doctrine of equivalents. Defendant, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '982 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

25. Defendant has and continues to contributorily infringe from at least the filing date of the lawsuit. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-61 of the '982 patent, literally or under the doctrine of equivalents. Defendant, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Further, there are no substantial non-infringing uses for Defendant's products and services. Moreover, Defendant has known of the '982 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

26. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '982 patent.

**V.      CONDITIONS PRECEDENT**

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

27. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

**VI.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the '982 patent;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.    declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.    a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g.    award Plaintiff such other and further relief as this Court deems just and proper.

Dated: February 21, 2024        Respectfully submitted,

RAMEY LLP

*/s/ Susan S.Q. Kalra*
Susan S.Q. Kalra (CA State Bar No. 16740)
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

***Attorneys for Plaintiff***
***WIRELESSWERX IP LLC,***

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on issues so triable by right.

Dated: February 21, 2024        Respectfully submitted,

**RAMEY LLP**

*/s/ Susan S.Q. Kalra*
Susan S.Q. Kalra (CA State Bar No. 16740)
skalra@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(800) 993-7499
(832) 900-4941 (facsimile)

*Northern California Office:*
303 Twin Dolphin Drive, Suite 600
Redwood City, CA, US 94065

1

*/s/ William P. Ramey, III*
William P. Ramey, III (*pro hac vice* anticipated)
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak (*pro hac vice* anticipated)
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

***Attorneys for Plaintiff***
***WIRELESSWERX IP LLC***